UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,

        -against-

MICHAEL HEWITT,
    also known as "Grammy,"

                                Defendant.
------------------------------------------------------------- x

SHORT FORM
MEMORANDUM & ORDER

17-CR-164 (S-3) (ENV)

VITALIANO, D.J.

Jury selection in this case is scheduled to start on April 15, 2019. In addition to *pro se*[1] defendant Michael Hewitt's pre-trial motion to dismiss the indictment, the government has filed a pre-trial motion asking the Court to advise the defendant on permissible trial conduct and a motion *in limine* to preclude the introduction of evidence concerning any punishment that may eventually be imposed on him. Having considered the submissions of the parties and the arguments presented at the hearing on April 11, 2019, the motions are formally resolved in the manner and for the reasons set forth below.

| Motion | Ruling |
|---|---|
| Defendant's Pre-Trial Motion ||
| (A) Hewitt moves to dismiss the indictment pursuant to his self- | (A) This ruling supplements the Court's order, dated April 5, 2019, that deemed as nonsensical a substantially |

---

[1] Hewitt was appointed, and received the services of, three separate attorneys during the course of this action. On March 20, 2019, he moved to proceed to trial *pro se*, Dkt. No. 147, and, at a *Faretta* hearing held on March 26, 2019, knowingly, intelligently and voluntarily waived his right to counsel. The Court, nonetheless, appointed the attorney who had last represented him, Arnold Levine, Esq., to serve as stand-by counsel at trial. *See* Minute Entry dated Mar. 26, 2019.

1

described ground of "the law of trespass" and the Fourth Amendment. He appears to argue that the arresting officers violated his constitutional rights when they "invaded [his] sacred indefeasible personal rights of lawful possession and control of my person and my right to exclude them . . . ."[2] Hewitt Mot., Dkt. No. 150, at 3.

similar motion that Hewitt had advanced.[3] On the instant motion, Hewitt does not appear to contend that the officers lacked probable cause to arrest him but rather that they did not have his consent to do so, and, further, that the government did not have his consent to indict him. Needless to say, probable cause – not consent – is a prerequisite to a lawful, warrantless arrest. *See United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008). Moreover, a defendant's consent most certainly is not required before he is formally charged. *See* Fed. R. Crim. P. 6(f) (defendant may be indicted when "at least 12 [grand] jurors concur").

His presumed argument that probable cause to arrest him did not exist is equally unavailing. This Court addressed and rejected Hewitt's argument concerning probable cause to search his car in its March 6, 2019, order on Hewitt's motion to suppress. *See* Dkt. No. 139. For the

---

[2] Although Hewitt fails to raise these points explicitly, as a *pro se* litigant, Hewitt is accorded "special solicitude" and his motion is construed "liberally" to raise the strongest possible arguments. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

[3] On April 11, 2019, Hewitt filed a motion for reconsideration of that order. *See* Dkt. No. 166. That motion is denied because Hewitt makes no showing of this Court's misapprehension of facts or law, at the time of its ruling, that would require the Court to revisit its prior decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

| | |
|---|---|
| | same reasons, Hewitt's renewed motion regarding his arrest and the search of his vehicle is denied. |
| Government's Motions ||
| (A) The government moves *in limine* to preclude the defendant "from eliciting any testimony, offering any evidence or making any argument regarding the consequences of his [potential] conviction." Gov't Mot., Dkt. No. 155, at 2. The government speculates that Hewitt "might argue that the jury should acquit him . . . because a guilty verdict would, in the defense's view, be contrary to the juror's sense of justice, morality and fairness regarding punishment." *Id.* | (A) Although Hewitt has not given any indication that he would attempt to introduce such evidence at trial, as a cautionary measure, he should be advised that he may not do so. First, and most important, any evidence concerning Hewitt's possible punishment would be irrelevant to the elements of the crimes charged or his possible defenses to those crimes. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). At the same time, even if it were relevant, Federal Rule of Evidence 403 permits the Court to exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." There is little doubt that an attempt to bring to the jury's attention the consequences of a conviction, in a case where the jury would have no role in sentencing, would unfairly prejudice the government, confuse the issues presented and mislead the jury. For these reasons, "[f]ederal courts usually |

| | |
|---|---|
| | instruct juries not to consider a verdict's consequences." *United States v. Blume*, 967 F.2d 45, 49 (2d Cir. 1992). Accordingly, the government's motion to preclude the introduction of evidence or argument to the jury concerning the consequences of a conviction is granted. |
| (B) The government requests that Hewitt be advised by the Court as to "permissible conduct at trial both before the beginning of <u>voir dire</u> and again before opening statements." Gov't Mot. at 4. | (B) In *United States v. Sacco*, the Second Circuit "commend[ed]" procedures employed by the district court in a case where one defendant proceeded *pro se*, to "minimize the potential for prejudice" to his co-defendants. 563 F.2d 552, 556 (2d Cir. 1977). The court there retained the attorney assigned to try the case as standby counsel; warned the defendant that he "would be held to the rules of law and evidence," to refrain from speaking in the first person and to refrain from "voicing personal observations in his comments on the evidence"; cautioned the jury when the defendant strayed beyond permissible bounds; and "carefully instructed the jury . . . that nothing the lawyers said was evidence in the case." *Id.* at 557. The Second Circuit also noted that juries in future cases should be made aware that anything a *pro se* defendant "says in his 'lawyer' role is not evidence against him" and that he "should refrain from |

commenting upon matters not in evidence or solely within his personal knowledge or belief." *Id.*

Although Hewitt is the only defendant remaining in this case, the procedures outlined in *Sacco* are appropriate here and several have already been adopted, including, but not limited to, the appointment of standby counsel. The Court will seasonally remind Hewitt at trial of what is permissible and will cut off any attempt to exceed those boundaries.[4] To that extent, the government's motion is granted.

So Ordered.

Dated: Brooklyn, New York
April 12, 2019

/s/ Hon. Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

---

[4] Magistrate Judge Steven M. Gold is assigned to preside over *voir dire* and the empaneling of the jury. Judge Gold will provide *voir dire* conduct instructions to Hewitt at that time.